UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| JIM THOMAN | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 09-6361 |
| WARDEN GLEN BOOTY | * | SECTION: "S"(6) |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that a federal evidentiary hearing is unnecessary. See Title 28, United States Code, Section 2254(e)(2).[1] For the following reasons, it is recommended that the instant petition for *habeas corpus* relief be

---

[1] Under Title 28, United States Code, Section 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, Title 28, United States Code, Section 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, Title 28, United States Code, Section 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. Title 28, United States Code, Section 2254(e)(2)(B).

**DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[2]

## Procedural Background

Petitioner, Jim E. Thoman, is presently incarcerated in Avoyelles Parish Prison in Marksville, Louisiana. Petitioner was convicted by a jury in the Twenty-Second Judicial District Court, Parish of St. Tammany, Case No. 391784, on June 15, 2006, of one count of second fourth offense DWI, a violation of La. R.S. 14:98.[3] On September 18, 2006, Thoman was sentenced to serve fifteen years of imprisonment at hard labor, of which at least three years shall be imposed without the benefit of parole, probation, or suspension of sentence.[4] On May 7, 2007, petitioner appealed his conviction to the Louisiana Court of Appeal, First Circuit, which affirmed the conviction, vacated the sentence, and remanded for re-sentencing on September 14, 2007.[5] Petitioner applied for a writ of certiorari and/or review in the Louisiana Supreme Court.

---

[2] The court wishes to acknowledge the assistance of C. Hagerty, a third-year law student at Tulane Law School, who assisted in the research and preparation of this decision.

[3] See State Record, Vol. 1 and 2, for a copy of the trial transcript.

[4] See State Record, Vol. 3, for a copy of the sentencing transcript, in particular pp. 6-7.

[5] **State v. Thoman**, 962 So.2d 1232 (La. App. 1 Cir. 9/14/07). See State Court Record Vol. 3 for a copy of this decision. The First Circuit held: (1) after reviewing the voir dire in its entirety, they could not say that the trial court abused its discretion in denying defense counsel's challenge for cause; and, (2) the provision under which the trial court sentenced the defendant was inapplicable. The applicable provision under which the defendant should have been sentenced for his present conviction (DWI, second fourth offense) provides that no part of his sentence may be imposed with the benefit of suspension of sentence, probation, or parole if he has previously received the benefit of probation as a fourth offense. Thus, petitioner's original sentence of fifteen years of imprisonment at hard labor of which at least three years shall be imposed without benefit of suspension of sentence, probation, or parole is an illegally lenient sentence, and **all** fifteen years of petitioner's sentence would have to be served without the benefit of suspension of sentence, probation, or parole. Petitioner was subsequently re-sentenced by the trial court on November 20, 2007.

The writ application was denied on September 19, 2008.[6] On December 15, 2008, petitioner filed a motion for reconsideration of sentence in the Twenty-Second Judicial District Court, Parish of St. Tammany.[7] The district court denied the motion for reconsideration of sentence on December 23, 2008.[8]

On September 8, 2009, petitioner signed the instant application for federal habeas corpus relief.[9] On September 10, 2009, petitioner timely filed the petition for federal habeas corpus relief in the United States District Court for the Western District of Louisiana.[10] On September 11, 2009, United States Magistrate Judge C. Michael Hill transferred the petition for writ of habeas corpus signed by petitioner to the United States District Court for the Eastern District of Louisiana.[11] On September 18, 2009, the instant petition for federal habeas corpus relief was received by this court, wherein Thoman listed four claims for relief in his petition[12]

---

[6]**State v. Thoman**, 992 So.2d 957 (La. 9/19/08). See also, State Court Record Vol. 3 for a copy of this writ denial. (Thoman's claim was that the trial court erred in denying the defense challenge for cause directed at prospective juror Stakelum. See State Record, Vol. 4, for a copy of his brief; No. 07-KA-0019 at page 3.)

[7]See State Record, Vol. 3, for a copy of the motion for reconsideration of sentence.

[8]See State Record,, Vol. 3, for a copy of the Order.

[9]Federal Record, Doc. No. 1-1, Petition, page 16.

[10]Federal Record, Doc. No. 1-1, Petition, page 1.

[11]Federal Record, Doc. No, 2, page 1. (The petition was transferred because it attacks a conviction which occurred in a Parish and Judicial District located within the geographical jurisdiction of the United States District Court for the Eastern District of Louisiana, and thus venue is proper there).

[12]Federal Rec, Doc. No. 1-1, Petition, pages 5-15.

as follows:

>   (1) The trial court erred in denying a defense challenge for cause regarding prospective juror, Stakelum.
>
>   (2) During voir dire, the trial court misled a prospective juror and the jury pool regarding the effect of the law on petitioner.
>
>   (3) The trial court erred in allowing the jury to see for a second time during deliberation a video of field sobriety tests administered by the State police.
>
>   (4) The trial court erred in allowing the state to use facts of petitioner's previous convictions, but not the fact that he had been punished and was currently serving a sentence.

Although petitioner included all four of his claims on his form application, review of the state record[13] shows that only the first of petitioner's claims was briefed and that only the first claim has been exhausted in the state courts.

## **Exhaustion**

Before seeking a federal writ of *habeas corpus*, a state prisoner must first exhaust his available state remedies, thereby giving the state courts the opportunity to pass upon and correct the alleged violations of his rights. To provide the state courts with that necessary opportunity, the prisoner must fairly present his claims in each appropriate state court, including a state supreme court with powers of discretionary review. 28 U.S.C. § 2254(b)(1); **Baldwin v. Reese**,

---

[13]See State Record, Vol. 4.

541 U.S. 27, 29 (2004). A federal court may raise *sua sponte* the lack of exhaustion. **Magouirk v. Phillips**, 144 F.3d 348, 357 (5th Cir. 1998); *see also* **Tigner v. Cockrell**, 264 F.3d 521, 526 n.3 (5th Cir. 2001); **Shute v. Texas**, 117 F.3d 233, 237 (5th Cir. 1997).

It is apparent from petitioner's application and the state court record that not all of his claims are yet exhausted. Petitioner's claims numbered (2)-(4) were never presented to the Louisiana Supreme Court, either on direct review or in post-conviction proceedings, and are therefore unexhausted. Thus, petitioner's federal application is a "mixed petition" containing both exhausted and unexhausted claims. A habeas petition containing both exhausted and unexhausted claims is a "mixed" petition *which should be dismissed without prejudice.* **Alexander v. Johnson**, 163 F.3d 906, 908 (5th Cir. 1998), citing **Rose v. Lundy**, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)(emphasis added); see also **Whitehead v Johnson**, 157 F.3d 384, 387 & n. 6 (5th Cir. 1998). It is clear that petitioner's federal habeas petition must be dismissed without prejudice for failure to exhaust. Claim one of the habeas action was raised by the petitioner in his direct appeal, but the remaining grounds have not been raised to the state courts, as admitted by Thoman in his petition. Accordingly, this mixed petition should be dismissed, without prejudice.

### Recommendation

Accordingly, it is recommended that petitioner's application for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days

5

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); **Douglas v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).**[14]

New Orleans, Louisiana, this 8th day of February, 2010.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

[14]**Douglas** referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.